AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 513-200-4221 (Sprint Corp.) | ) ) ) ) ) ) Case No. 1:18MJ-403 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A CELLULAR TELEPHONE ASSIGNED CALL NUMBER 513-200-4221 (Sprint Corp.)

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENTS A AND B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a Controlled Substance. |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Darren Wilson, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/6/18

*Judge's signature*

City and state: Cincinnati, OH

Hon. Karen L. Litkovitz, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 513-200-4221 (SPRINT CORP.) | CASE NO.<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Darren Wilson, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **513-200-4221 (Subject Telephone)**, whose service provider is Sprint Corp., a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251. The targeted cell phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Your Affiant has been employed by the United States Drug Enforcement Administration since August of 2005. During the course of your Affiant's law enforcement career, your affiant has received training in the utilization, preparation, and execution of search and seizure warrants at the Drug Enforcement Administration Training Academy, and has subsequently participated in the execution of numerous search and seizure warrants for narcotics, dangerous drugs, and the records, books, and proceeds derived as a result of violations of the State and Federal narcotics statutes. Your Affiant is currently assigned to the Hamilton County Heroin Coalition Task Force (HCTF).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 United States Code, Sections 841(a)(1) have been committed, are being committed, and will be committed by Rashawn D. Davis, Jaywon D. Hunter, and other as-yet unknown individuals. There is also probable cause to believe that the location of **Subject Telephone** will constitute evidence of those criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

6. The Hamilton County Heroin Coalition Task Force (HCTF) was requested to assist with a suspected fatal heroin overdose that occurred on March 17, 2018 in the City of Blue Ash, Hamilton County, Ohio.

7. At approximately 2:09 p.m., the victim called a subject at **(513) 200-4221 (Subject Telephone)** who was later identified only as, "JB."

8. At approximately 2:13 p.m., the victim sent a text message to "JB" at the same number stating, "Wanna make sure no company here. How long hon"? Based on your Affiants training and experience, your Affiant is aware that drug users sometimes prefer to have no one around when they obtain drugs from their Source of Supply (SOS). Your Affiant is aware also that sometimes several coordination text messages or telephone calls, which can be vague in

nature, are made between individuals prior to meeting for the purpose of facilitating drug transactions.

9. During the HCTF investigation into this overdose death, the name "JB" continued to come up. The physical description of the individual and phone number was provided by several individuals, however, no one knew "JB's" real name.

10. The HCTF eventually developed a Confidential Source of Information (CS) who stated he/she knew "JB" and had purchased drugs from him in the recent past.

11. On May 22, 2018, members of the Hamilton County Heroin Task Force (HCTF) provided the CS with HCTF funds in order to purchase approximately ½ gram of heroin from "JB." During this transaction, there was another individual who participated in the sale. Following this transaction, "JB" was positively identified as Rashawn D. DAVIS. The second subject with DAVIS was positively identified as Jaywon HUNTER.

12. The biographical information on DAVIS a.k.a. "JB" and HUNTER are as follows:

**Rashawn D. DAVIS,**

    Address: 2719 Grosvenor Drive, Cincinnati, Ohio 45251

    Male; Black; DOB: 3/10/1990; Cell Phone: (513) 200-4221

    **Past Criminal Convictions**: Trafficking in Drugs (2017 Conviction), Having Weapon While Under Disability and Receiving Stolen Firearm (2013 Conviction), Trafficking in Drugs (2012 Conviction) and Felony Possession of Drugs (2012 Conviction).

**Jaywon D. HUNTER**

    Address: 119 Riddle Road, Cincinnati, Ohio 45215

    Male; Black; DOB: 3/28/1999

13. On June 5, 2018, the HCTF contacted the Hamilton County Coroners Lab and was advised that the drugs purchased on May 22, 2018 from DAVIS and HUNTER weighed approximately .473 grams and was identified as Fentanyl.

14. On June 5, 2018, the Heroin Coalition Task Force conducted another successful purchase of suspected heroin from DAVIS. During this purchase the CS called the subject telephone in order to place an order for the heroin. Several subsequent calls were also made between the CS and DAVIS so these two individuals could link up in order to complete the drug transaction.

15. Obtaining the location of the **Subject Telephone** is essential to this investigation due to the following:

   a. On both CS drug purchases, members of the Heroin Coalition Task Force have lost DAVIS on surveillance due to his driving habits (i.e. use of side streets in order to clean himself).
   b. Surveillance and use of Law Enforcement databases have been unsuccessful in locating where DAVIS resides.
   c. The HCTF is also unaware of any potential stash locations that DAVIS and co-conspirators utilize to store narcotics.

16. Based on my training and experience, along with my knowledge of this investigation and the information included within this affidavit, it is reasonable to conclude that the **Subject Telephone** is currently being utilized in furtherance of narcotics offenses and communications with drug suppliers to further the DTO.

17. The requested information will assist law enforcement in identifying the location of **Subject Telephone**, which is relevant in locating a source of supply, identifying locations where narcotics are stored, and identifying additional subjects.

18. Since this affidavit is being submitted for the limited purpose of securing authority for obtaining precise location information of a specific phone being used by the

Page **4 of 8**

targeted Drug Trafficking Organization, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are required to establish the necessary foundation for an order authorizing the collection of precise location information pertaining the **Subject Telephone**.

19. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 United States Code, Section 841(a)(l) have been committed, are being committed, and will be committed by DAVIS utilizing the **Subject Telephone**. There is also probable cause to believe that the location of the **Subject Telephone** will constitute evidence of those criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offense. The Hamilton County Heroin Coalition Task Force are investigating DAVIS and others involved in the distribution of controlled substances, more specifically, heroin and fentanyl, in violation of, 21 U.S.C. § 841(a)(l).

20. In my training and experience, I have learned that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call

made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

21. Based on my training and experience, I know that wireless phone companies can collect E-911 Phase II data about the location of the target cell phone, including by initiating a signal to determine the location of the target cell phone on Sprint Corp. network or with such other reference points as may be reasonably available.

22. Based on my training and experience, I know that wireless phone companies can also collect cell-site data about the target cell phone.

## AUTHORIZATION REQUEST

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

24. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510)

or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

25. I further request that the Court direct the Sprint Corp. to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Sprint Corp. I also request that the Court direct Sprint Corp. to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Sprint Corp. services, including by initiating a signal to determine the location of the target cell phone on Sprint Corp. network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint Corp. for reasonable expenses incurred in furnishing such facilities or assistance.

26. I further request that the Court authorize the government to install and operate a cell-site simulator to obtain dialing, routing, addressing, and signaling information from the target cell phone to determine the location of the target cell phone.

27. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target cell phone outside of daytime hours. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is probable cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Darren Wilson
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this __6__ day of July, 2018.

_____
HONORABLE KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **513-200-4221 (Subject Telephone)**, whose wireless service provider is Sprint Corp., a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251.

2. Information about the location of the cellular telephone assigned call number **513-200-4221 (Subject Telephone)** that is within the possession, custody, or control of Sprint Corp., including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the target cell phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the target cell phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint Corp., Sprint Corp. is required to disclose the Location Information to the government. In addition, Sprint Corp. must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint Corp. services, including by initiating a signal to determine the location of the target cell phone on Sprint Corp. network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint Corp. for reasonable expenses incurred in furnishing such facilities or assistance. In addition the government may initiate a signal to determine the location of the target cell phone.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).